IOANNIS MAROULIS

VERSUS

ENTERGY LOUISIANA, LLC, ET AL

NO. 20-C-241

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 793-761, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

February 10, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and John J. Molaison, Jr.

**WRIT GRANTED; SUMMARY JUDGMENT GRANTED;**
**THIRD-PARTY CLAIMS DISMISSED WITH PREJUDICE**
    **RAC**
    **MEJ**
    **JJM**

COUNSEL FOR PLAINTIFF/RESPONDENT,
IOANNIS MAROULIS

Chet G. Boudreaux
William J. Mitchell, II
Richard F. Zimmerman, III

COUNSEL FOR DEFENDANT/RELATOR,
ACE AMERICAN INSURANCE COMPANY

Robert I. Siegel
Elizabeth A. B. Carville

COUNSEL FOR DEFENDANT/RESPONDENT,
HOTEL INVESTORS, LLC AND EXPOTEL HOSPITALITY SERVICES, LLC

H. Minor Pipes, III
Stephen L. Miles
Patrick J. Lorio
Emily E. Ross

COUNSEL FOR DEFENDANT/RESPONDENT,
SUNBELT RENTALS SCAFFOLDING SERVIVCES, LLC

Douglas K. Williams
Cullen J. Dupuy
Druit G. Gremillion, Jr.
Kelsey A. Clark

COUNSEL FOR DEFENDANT/RESPONDENT,
EVANSTON INSURANCE COMPANY

Sidney W. Degan, III
Karl H. Schmid
Travis L. Bourgeois
Paul A. Eckert

COUNSEL FOR DEFENDANT/RESPONDENT,
ENTERGY LOUISIANA, LLC

Catharine O. Gracia
Sandra Diggs-Miller
John A. Braymer
Darryl M. Phillips

COUNSEL FOR DEFENDANT/RESPONDENT,
CASTLEMAN DONLEA AND ASSOCIATES, LLC

Andre' C. Gaudin
Mindy N. Duffourc
Jason R. Tomlinson

COUNSEL FOR DEFENDANT/RESPONDENT,
SCOTTSDALE INSURANCE COMPANY

Douglas M. Kleeman
Katherine K. Quirk

COUNSEL FOR DEFENDANT/RESPONDENT,
AUSI BUILDERS AND CONSTRUCTION, LLC

Michael S. Futrell

**CHAISSON, J.**

ACE American Insurance Company ("ACE") seeks supervisory review of a June 30, 2020 judgment of the trial court denying its motion for summary judgment seeking dismissal of third-party claims filed by Castleman, Donlea, and Associates, LLC ("Castleman") seeking coverage as an additional insured under a commercial general liability ("CGL") policy issued by ACE to Sunbelt Rentals Scaffold Services, LLC ("Sunbelt"). Pursuant to the provisions of La. C.C.P. art. 966(H), this case was assigned for briefing and oral argument. For the following reasons, we grant this writ application, reverse that portion of the trial court's ruling that denied ACE's motion for summary judgment, render judgment granting ACE's motion for summary judgment, and dismiss Castleman's third-party claims against ACE with prejudice.

**FACTS AND PROCEDURAL HISTORY**

This complex, multiparty case arises from a work-related accident that occurred during the renovation of the Hampton Inn located in Metairie, Louisiana. Hotel Investors, LLC ("Hotel Investors"), the owner of the hotel, and its management company, Expotel Hospitality - HIM, LLC ("Expotel"), hired Sigur Construction, LLC ("Sigur") and Castleman as the general contractors for the project. Castleman, in turn, hired Sunbelt as the scaffolding subcontractor for the project. On April 19, 2018, Ioannis Maroulis, an employee of Sunbelt, suffered an electrical shock when a piece of scaffolding equipment came into contact with an overhead power line.

Mr. Maroulis filed a petition for damages against Hotel Investors and Expotel, and various other defendants, alleging various counts of negligence. Hotel Investors and Expotel then filed a third-party demand against Castleman and its insurer, Evanston Insurance Company ("Evanston"), alleging a breach of the

20-C-241                                              1

construction contract between Hotel Investors and Castleman and seeking insurance coverage under the Evanston policy. Castleman filed its own third-party demand against Sunbelt and its insurer, ACE, seeking contractual indemnification and insurance coverage as an additional insured under the CGL policy issued by ACE.

Castleman alleged in its third-party complaint that Sunbelt owes contractual indemnity to Castleman for the damages asserted by Hotel Investors and Expotel. Castleman further alleged that Sunbelt agreed to provide insurance coverage to Castleman to insure it against claims that arose in connection with Sunbelt's work on the project and to add Castleman as an additional insured on its liability policy that was issued by ACE. According to Castleman, Sunbelt provided it with a certificate of insurance to prove that it had sufficient coverage to insure Castleman against claims arising in connection with Sunbelt's work. Castleman also alleged that Sunbelt is in breach of an oral obligation to insure Castleman.

In addition to its claims against Sunbelt, Castleman also filed claims against ACE, seeking insurance coverage under the CGL policy issued by ACE to Sunbelt. Both Sunbelt and ACE filed motions for summary judgment seeking dismissal of Castleman's claims. Following a hearing on the matter, the trial court denied the motions for summary judgment on the basis that there existed genuine issues of material fact regarding whether an indemnity agreement existed between Castleman and Sunbelt. ACE filed this timely writ application seeking supervisory review of that judgment.

**DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *O'Krepki v. O'Krepki*, 16-50 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 577. A motion for summary judgment will be granted if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; *Semco, LLC v. Grand Ltd.*, 16-342 (La. App. 5 Cir. 5/31/17), 221 So.3d 1004, 1031 (citing *Oubre v. Louisiana Citizens Fair Plan*, 11-0097 (La. 12/16/11), 79 So.3d 987, 1002-03). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966; *David v. Dollar Tree Stores, Inc.*, 19-36 (La. App. 5 Cir. 10/2/19), 282 So.3d 329, 331. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966.

Upon *de novo* review, we find that, although Sunbelt did obtain CGL and workers' compensation policies to protect itself against risks during the construction project, there is no evidence of a contractual indemnity agreement, written or oral, between Castleman and Sunbelt. We also find that there is no evidence that Sunbelt agreed to procure insurance on Castleman's behalf or name Castleman as an additional insured.

A review of the policy issued by ACE to Sunbelt shows that Castleman was not named as an additional insured. In the absence of any indemnity agreement between Sunbelt and Castleman, there is no legal basis for Castleman's third-party demand seeking insurance coverage under the ACE policy. The burden in this instance is on Castleman to produce factual support sufficient to establish a

genuine issue of material fact or that ACE is not entitled to judgment as a matter of law.  We find that Castleman has failed to meet its burden.

**CONCLUSION**

Upon *de novo* review and in accordance with reasons articulated in the opinion on the related writ, 20-C-246, we find that Castleman has failed to produce factual support to establish a genuine issue of material fact or that ACE is not entitled to judgment as a matter of law.  Accordingly, we grant this writ application, reverse that portion of the trial court's ruling that denied ACE's motion for summary judgment, render judgment granting ACE's motion for summary judgment, and dismiss Castleman's third-party claims against ACE with prejudice.

**<u>WRIT GRANTED;</u>**
**<u>SUMMARY JUDGMENT GRANTED;</u>**
**<u>THIRD-PARTY CLAIMS DISMISSED</u>**
**<u>WITH PREJUDICE</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 10, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 20-C-241

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)

RICHARD F. ZIMMERMAN, III
(RESPONDENT)
H. MINOR PIPES, III (RESPONDENT)
CULLEN J. DUPUY (RESPONDENT)
SIDNEY W. DEGAN, III (RESPONDENT)
MINDY N. DUFFOURC (RESPONDENT)

ELIZABETH A. B. CARVILLE (RELATOR)
PATRICK J. LORIO (RESPONDENT)
DOUGLAS K. WILLIAMS (RESPONDENT)
TRAVIS L. BOURGEOIS (RESPONDENT)
DOUGLAS M. KLEEMAN (RESPONDENT)

ROBERT I. SIEGEL (RELATOR)
STEPHEN L. MILES (RESPONDENT)
DRUIT G. GREMILLION, JR.
(RESPONDENT)
DARRYL M. PHILLIPS (RESPONDENT)
MICHAEL S. FUTRELL (RESPONDENT)

## MAILED

EMILY E. ROSS (RESPONDENT)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 1800
NEW ORLEANS, LA 70163

ANDRE' C. GAUDIN (RESPONDENT)
JASON R. TOMLINSON (RESPONDENT)
ATTORNEYS AT LAW
5213 AIRLINE DRIVE
METAIRIE, LA 70001

JOHN A. BRAYMER (RESPONDENT)
SANDRA DIGGS-MILLER (RESPONDENT)
ATTORNEYS AT LAW
639 LOYOLA AVENUE
26TH FLOOR
NEW ORLEANS, LA 70113

KATHERINE K. QUIRK (RESPONDENT)
ATTORNEY AT LAW
365 CANAL STREET
SUITE 2000
NEW ORLEANS, LA 70130

PAUL A. ECKERT (RESPONDENT)
ATTORNEY AT LAW
5555 HILTON AVENUE
SUITE 620
BATON ROUGE, LA 70808

CATHARINE O. GRACIA (RESPONDENT)
ATTORNEY AT LAW
639 LOYOLA AVENUE
SUITE 2600
NEW ORLEANS, LA 70113

KARL H. SCHMID (RESPONDENT)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 2600
NEW ORLEANS, LA 70130

CHET G. BOUDREAUX (RESPONDENT)
WILLIAM J. MITCHELL, II
(RESPONDENT)
ATTORNEYS AT LAW
5656 HILTON AVENUE
BATON ROUGE, LA 70808

KELSEY A. CLARK (RESPONDENT)
ATTORNEY AT LAW
ONE AMERICAN PLACE, 23RD FLOOR
POST OFFICE BOX 3197
BATON ROUGE, LA 70821-3197